**AIN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| DEXCOM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION No. 6:21-cv-00690-ADA |
| v. | ) | |
| | ) | ██████████████ |
| ABBOTT DIABETES CARE, INC., | ) | |
| ABBOTT DIABETES CARE SALES CORP. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' SEALED OPPOSED MOTION TO DISMISS

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.     Introduction ................................................................................................................... 1

II.    Statement of Facts ......................................................................................................... 2

III.   Legal Standards ............................................................................................................ 4

       A.     Motions to Dismiss Pursuant to Rules 12(b)(3) and 12(b)(6) ............................. 4

       B.     Section 1400(b) ................................................................................................... 5

       C.     Pleading Standards ............................................................................................. 6

IV.   Argument ...................................................................................................................... 6

       A.     DexCom Did Not and Cannot Show Proper Venue Under 28 U.S.C. 1400(b) ...... 6

               1.     DexCom Fails To Adequately Plead Proper Venue ................................... 6

               2.     ADC Inc. and Sales Corp. Do Not Have Residence Or A Regular And Established Place Of Business In This District ........................................... 9

       B.     Dismissal Is The Appropriate Remedy ............................................................... 14

       C.     DexCom Fails To Adequately Plead Induced Infringement Under Rule 12(b)(6) 14

V.    Conclusion ................................................................................................................. 18

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
  No. 13-CV-00365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ........................2, 6, 15, 17

*Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*,
  6 F.4th 1283 (Fed. Cir. 2021) ...................................................................................................9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...........................................................................................................5, 16

*Bd. of Regents v. Medtronic Inc.*,
  No. CV-0942-LY, Dkt. 20 (W.D. Tex. Nov. 1, 2017)............................................................13

*Bd. of Regents v. Medtronic PLC*,
  No. A-17-CV-0942-LY, 2018 WL 4179080 (W.D. Tex. July 19, 2018) ...........................7, 13

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2001)..................................................................................................................5

*In re Bill of Lading Transmission and Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012)...............................................................................................15

*CAO Lighting, Inc., v. Light Efficient Design & Elec. Wholesale Supply Co., Inc.*,
  2017 WL 4556717 (D. Idaho Oct. 11, 2017).........................................................................12

*City of Waco v. Schouten*,
  385 F. Supp. 2d 595 (W.D. Tex. 2005)................................................................................6, 11

*Commil USA, LLC v. Cisco Sys., Inc.*,
  575 U.S. 632 (2015)..................................................................................................................6

*Core Wireless Licensing S.A.R.L.*,
  No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 13, 2015) ........................17

*In re Cray Inc.*,
  871 F.3d 1355 (Fed. Cir. 2017)...................................................................................... *passim*

*Dodots Licensing Sols. LLC v. Lenovo Holding Co.*,
  2018 WL 6629709 (D. Del. Dec. 19, 2018)............................................................................16

*DSU Med. Corp. v. JMS Co.*,
  471 F.3d 1293 (Fed. Cir. 2006)................................................................................................2

*Global-Tech Appliance, Inc. v. SEB S.A.*,
 563 U.S. 754 (2011)..................................................................................6, 15

*Hoover Grp., Inc. v. Custom Metalcraft, Inc.*,
 84 F.3d 1408 (Fed. Cir. 1996)...............................................................6

*Interactive Toybox, LLC v. Walt Disney Co.*,
 No. 1:17-CV-1137-RP, 2018 WL 5284625 (W.D. Tex. Oct. 24, 2018)................................5, 8

*Iron Oak Techs., LLC v. Acer Am. Corp.*,
 No. 6:17-CV-00143-RP-JCM, 2017 WL 9477677 (W.D. Tex. Nov. 28, 2017) ..............16, 17

*JKL IP Co. v. Creative Forces Grp., Inc.*,
 No. 16-11941, 2016 WL 9445461 (E.D. Mich. Dec. 6, 2016) ...........................................5, 6

*JPW Indus., Inc. v. Olympia Tools Int'l, Inc.*,
 No. 16-cv-03153, 2017 WL 4512501 (M.D. Tenn. Oct. 10, 2017).......................................12

*Langton v. Cbeyond Comm., LLC*,
 282 F. Supp. 2d 504 (E.D. Tex. 2003) .......................................................................4

*Logantree LP v. Garmin Int'l, Inc.*,
 Civil Action No. SA-17-CA-0098-FB, 2017 WL 2842870 (W.D. Tex. June
 22, 2017) ...................................................................................................15

*Magnacoustics, Inc. v. Resonance Tech. Co.*,
 No. 97-1247, 1997 WL 592863 (Fed. Cir. Sept. 25, 1997) .....................................5

*Memory Integrity LLC v. Intel Corp.*,
 144 F. Supp. 3d 1185 (D. Or. 2015) .........................................................................17

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
 545 U.S. 913 (2005).........................................................................................17

*Monolithic Power Sys., Inc. and Chengdu Monolithic Power Sys. Co. v. Meraki
 Integrated Circuit (Shenzhen) Tech., Ltd. and Promate Elec. Co.*,
 No. 6:20-CV-008876-ADA, 2021 WL 3931910 (W.D. Tex. Sept. 1, 2021) .........................15

*Nat'l Steel Car Ltd. v. Greenbrier Co.*,
 No. 6:19-CV-00721-ADA, 2020 WL 4289388 (W.D. Tex. July 27, 2020).................8, 10, 13

*Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*,
 No. 13-2052-LPS, 2014 WL 4675316 (D. Del. Sept. 19, 2014) ...............................18

*Newpark Mats & Integrated Servs. LLC v. Equipotential Matting, LLC*,
 No. 4:17-CV-00304-BRW, 2017 WL 11260850 (E.D. Ark. Oct. 26, 2017)...........................12

*Optic153 LLC v. Thorlabs Inc.*,
    No. 6:19-CV-00667-ADA, 2020 WL 3403076 (W.D. Tex. June 19, 2020) ....................2, 7, 8

*Regents of the Univ. of Minn. v. Gilead Scis., Inc.*,
    2017 WL 4773150 (D. Minn. Oct. 20, 2017) ........................................................................12

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
    137 S. Ct. 1514 (2017)....................................................................................................1, 5, 9

*Westech Aerosol Corp. v. 3M Co.*,
    927 F.3d 1378 (Fed. Cir. 2019)......................................................................................4, 7, 8

*Wheeler v. MicroBilt Corp.*,
    No. CV 15-3438-R, 2015 WL 13683632 (C.D. Cal. Dec. 10, 2015) ..............................17, 18

*In re ZTE (USA) Inc.*,
    890 F.3d 1008 (Fed. Cir. 2018).................................................................................................5

**Statutes**

28 U.S.C. § 1400(b) ................................................................................................... *passim*

28 U.S.C. § 1406(a) ......................................................................................................1, 5, 14, 18

35 U.S.C. § 271(b) ...............................................................................................................6, 16

**Rules**

Fed. R. Civ. P. 8(a)(2)............................................................................................................18

Fed. R. Civ. P. 12(b)(3)...........................................................................................................1, 4

Fed. R. Civ. P. 12(b)(6)............................................................................................1, 2, 4, 14, 15

The Defendants are incorporated in Delaware and have no place of business anywhere in the Western District of Texas. Abbott Diabetes Care Inc. ("ADC Inc.") and Abbott Diabetes Care Sales Corp. ("Sales Corp.") therefore move under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a) to dismiss DexCom's Amended Complaint for improper venue.  DexCom's Amended Complaint also fails to plead threshold allegations necessary to state claims that ADC Inc. and Sales Corp. induce infringement.  ADC Inc. and Sales Corp. therefore move under Federal Rule of Civil Procedure 12(b)(6) to dismiss those claims.

## I.    INTRODUCTION

DexCom's Complaint violates the terms it expressly agreed to in its 2014 Settlement and License Agreement with ADC Inc., including that Agreement's forum selection clause stating Delaware courts "shall have exclusive jurisdiction over any dispute arising from or under or relating to" it. Ex. 14 at 23 (¶ J.3). As set forth in Defendants' Motion to Transfer, filed simultaneously with this Motion, that clause warrants transfer of this action to the District of Delaware.  Even putting these issues entirely aside, however, the Court must dismiss this case for another reason:  Venue in this District is improper under 28 U.S.C. §1400(b).

DexCom did not and cannot adequately plead venue in this District. DexCom acknowledges that each Defendant is a Delaware corporation, Am. Compl. at ¶¶ 3-4, so neither "resides" here under Supreme Court law. *See TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1520 (2017). The Defendants also do not maintain regular and established places of business in the District. The two addresses DexCom identified—without any citation or support—as "places" of ADC Inc. and Sales Corp. *are in fact* ████████████████ ██████

DexCom's remaining allegations likewise fail to establish proper venue as a matter of law. DexCom alleges the Defendants "employ[]" people in this District or are "include[d]" in a

"division" of a broader "Abbott Laboratories" organization that does, and that a "co-founder of TheraSense, which was acquired by Abbott in 2004 and became Abbott Diabetes Care, is a professor emeritus in Chemical Engineering at The University of Texas at Austin." Dkt. 19, First Amended Complaint ("Am. Compl.") at ¶¶ 6-8. This cannot suffice. Black letter venue law requires "a **place of the defendant**, not solely a place of the defendant's employee" (much less the place of some predecessor entity's co-founder). *In re Cray Inc.*, 871 F.3d 1355, 1363 (Fed. Cir. 2017).[1] And one entity's "presence in a venue cannot be imputed to [a related entity] absent disregard for corporate separateness." *Optic153 LLC v. Thorlabs Inc.*, No. 6:19-CV-00667-ADA, 2020 WL 3403076, at *3 (W.D. Tex. June 19, 2020).

Although this Court need go no further than dismissing for improper venue, the Court should also dismiss DexCom's claims for induced infringement under Fed. R. Civ. P. 12(b)(6). To plead induced infringement, DexCom needed to plead **facts** sufficient to show that each of ADC Inc. and Sales Corp. "(1) had actual knowledge of the patent; (2) knowingly induced a third-party to infringe the patent; and (3) had specific intent to induce the infringement." *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. 13-CV-00365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014) (citing *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006)). DexCom instead parroted the legal standard and relied on its own complaints in this action for the knowledge and intent requirements. That is insufficient, and if accepted would render the knowledge and intent legal requirements for induced infringement meaningless.

DexCom's action cannot be permitted to proceed in this venue, let alone in its current form.

## II.    STATEMENT OF FACTS

DexCom accuses Defendants of infringing five DexCom patents by making, using, selling,

---

[1]    All emphasis is added unless indicated otherwise.

and/or offering for sale the FreeStyle Libre 14 day, FreeStyle Libre 2, and FreeStyle Libre 3 continuous glucose monitors ("CGMs"). Am. Compl., ¶ 34. DexCom further alleges Defendants "actively induced and continue[] to actively induce infringement by end-users." Am. Compl., ¶¶ 42, 54, 67, 83, 92.

DexCom claims "[v]enue is proper in this Judicial District … because (1) Defendants have a regular and established place of business in this Judicial District, and (2) Defendants have committed and continue to commit acts of patent infringement in this Judicial District …." Am. Compl. ¶ 14. The "places" DexCom identifies and relies upon for this allegation are "8701 Bee Caves Rd., Austin, TX 78746" (hereinafter, the "Seven Oaks Facility") and "12501B Research Boulevard, Austin, TX 78759" (hereinafter, the "Flex Facility"). *Id.*, ¶ 6. But those are not either Defendant's "places."

███████████████████████████████████████████ York Decl., ¶ 2; Cate Decl., ¶ 3. A completely unaffiliated entity (Seven Oaks) owns the Seven Oaks Facility. Cary Decl., ¶ 10. ████████████████████████████████ Gamboa Decl, ¶ 3; Cate Decl., ¶ 4. The Flex Facility[2] is the location of Flextronics America, LLC ("Flex"), a third-party contract manufacturer that is separate and distinct from Defendants, and is not owned nor controlled by any entity in the entire Abbott corporate structure. Gamboa Decl., ¶ 4. ████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

---

[2]   DexCom's Amended Complaint refers only to 12501B Research Boulevard, Austin, TX 78759, but signage at the entrance to the Research Boulevard office park confirms that Flex operates in both 12455 and 12501 Research Boulevard. Gamboa Decl., ¶ 7; Cary Decl., ¶ 7. Defendants' arguments and evidence about the 12501B Research Boulevard location DexCom identified apply equally to the 12455 Research Boulevard location.

███████████████ Gamboa Decl., ¶ 4; Ex. 5 § 2.9. ████████████████

██████████████ Gamboa Decl., ¶ 5; Cate Decl., ¶ 4.

Each Defendant is a separate Delaware corporation with its principal place of business in the Northern District of California. Cate Decl., ¶ 2; Cary Decl., ¶¶ 2-3; Exs. 7-8; Am. Compl. at ¶¶ 3-4. ████████████████████████ Gamboa Decl., ¶ 5. ██████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████ Cate Decl., ¶¶ 5-6 █████████████

████ Ex. 6 ██████████████████████████ Gellatly Decl. (Dkt. 35-1) ¶ 5. ████████████████████████████████

████████████████ Cate Decl., ¶¶ 5-6. ██████████████

███████████████████████████████████████████

███████████████████████████████████████████

████. Cate Decl., ¶ 7.

## III.   LEGAL STANDARDS

### A.   Motions to Dismiss Pursuant to Rules 12(b)(3) and 12(b)(6)

Rule 12(b)(3) "allows defendants to move for dismissal based on improper venue." *Langton v. Cbeyond Commc'n, LLC*, 282 F. Supp. 2d 504, 508 (E.D. Tex. 2003). Once the defendant(s) object to venue, "the burden of sustaining venue lies with the plaintiff." *Id*. "A presumption that facts pleaded in the complaint are true does not supplant a plaintiff's burden to plead specific facts showing that the defendant has a regular and established place of business physically located in the judicial district." *Westech Aerosol Corp. v. 3M Co.,* 927 F.3d 1378, 1382 (Fed. Cir. 2019). If venue is improper, a district court should "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28

4

U.S.C. § 1406(a).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2001)). "Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

**B.     Section 1400(b)**

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). For domestic corporations, "'reside[nce]' in §1400(b)…refers only to the State of incorporation." *TC Heartland*, 137 S. Ct. at 1520. To establish a regular and established place of business, "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant. If any statutory requirement is not satisfied, venue is improper under § 1400(b)." *Cray*, 871 F.3d at 1360. "[T]he regular and established place of business standard requires more than the minimum contacts necessary for establishing personal jurisdiction or for satisfying the doing business standard of the general venue provision." *Id.* at 1361 (internal citations omitted).

Plaintiff bears the burden to establish proper venue under Section 1400(b). *Interactive Toybox, LLC v. Walt Disney Co.*, No. 1:17-CV-1137-RP, 2018 WL 5284625, at *1 (W.D. Tex. Oct. 24, 2018) (citing *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018)). When a plaintiff accuses multiple defendants of infringement, the court must evaluate venue for each distinct entity. *Magnacoustics, Inc. v. Resonance Tech. Co.*, No. 97-1247, 1997 WL 592863, at *1 (Fed. Cir. Sept. 25, 1997).  Absent lack of formal corporate separateness, contacts of a related entity to a district will not be imputed to a parent or sister company. *See JKL IP Co. v. Creative*

*Forces Grp., Inc.*, No. 16-11941, 2016 WL 9445461, at *6 (E.D. Mich. Dec. 6, 2016).

### C.   Pleading Standards

Liability for induced infringement under 35 U.S.C. § 271(b) can only attach if the defendant had both "***knowledge that the induced acts constitute patent infringement***," (*Global-Tech Appliance, Inc. v. SEB S.A.,* 563 U.S. 754, 766 (2011*)*), ***and*** "***intent*** to 'bring about the desired result,' which is infringement" (*Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 642 (2015)). A plaintiff must "allege facts" showing each accused defendant: "(1) had actual knowledge of the patent; (2) knowingly induced a third-party to infringe the patent; and (3) had specific intent to induce the patent infringement." *Affinity Labs of Tex.*, 2014 WL 2892285, at *2.

## IV.   ARGUMENT

### A.   DexCom Did Not and Cannot Show Proper Venue Under 28 U.S.C. 1400(b)

DexCom's Amended Complaint should be dismissed for two reasons. ***First***, DexCom fails to adequately plead proper venue under 28 U.S.C. § 1400(b) as to either Defendant. ***Second,*** DexCom cannot correct this failure through further amendment because Defendants have no residence or a regular and established place of business in this District.  Though venue is improper as to both Defendants, this action should be dismissed even if venue is improper only as to one. "Generally, in order for venue to be proper, it must be proper as to all defendants and all claims." *City of Waco v. Schouten*, 385 F. Supp. 2d 595, 599 (W.D. Tex. 2005); *Hoover Grp., Inc. v. Custom Metalcraft, Inc.,* 84 F.3d 1408, 1410 (Fed. Cir. 1996); *see JKL IP Co. LLC*, 2016 WL 9445461, at *5 ("When venue is not proper as to all defendants, transfer under § 1406 is warranted.").

#### 1.   DexCom Fails To Adequately Plead Proper Venue

DexCom alleges that both Defendants "have regular and established places of business in this District, including at [the Seven Oaks Facility] and [the Flex Facility]," but fails to plead facts that could render these facilities "the place of" either Defendant. Am. Compl. at ¶ 6; *Cray*, 871

6

F.3d at 1360 (A "regular and established place of business" must be "the place of the defendant.").

DexCom does not allege a single *fact* that makes the Seven Oaks Facility or Flex Facility, or any other physical location in the District, "the place of" either Defendant. For Sales Corp., DexCom "[s]imply stat[es]" the ungrounded conclusion "that [Sales Corp.] has a regular and established place of business" there. *Westech Aerosol*, 927 F.3d at 1382. That just "parrot[s] the language of § 1400(b)" and impermissibly "amounts to a mere legal conclusion that the court is not bound to accept as true." *Id.* For ADC Inc., DexCom alleges, without any factual support, that "[o]n information and belief, [ADC Inc.] employs quality managers, program managers, and manufacturing process engineers among others at [the Seven Oaks Facility and Flex Facility] locations." Am. Compl. ¶ 6. But mere employment of individuals "at" a location in the District is not enough. Instead, "it must be a place *of the defendant*, not solely a place of the defendant's employee." *Cray*, 871 F.3d at 1363–64. Moreover, this allegation against ADC Inc. does nothing to support venue as to Sales Corp.

DexCom's allegation that the "Diabetes Care division of Abbott Laboratories, which on information and belief includes at least [ADC Inc.] and [Sales Corp.], is or has [] solicited employees in this district" fails for the same reason and more. Am. Compl. at ¶ 7. Employees and solicitation of employees in the District are not enough.  And contacts of "Abbott Laboratories," which is not a named party, should not be imputed to its parent, subsidiary, or sister companies. DexCom alleges no lack of formal corporate separateness between Sales Corp., ADC Inc., and "Abbott Laboratories." "Except where corporate formalities are ignored and an alter ego relationship exists, the presence of a corporate relative in the district does not establish venue over another separate and distinct corporate relative." *Bd. of Regents v. Medtronic PLC*, No. A-17-CV-0942-LY, 2018 WL 4179080, at *2 (W.D. Tex. July 19, 2018); *Optic153 LLC*, 2020 WL 3403076,

at *2; *see also Nat'l Steel Car Ltd. v. Greenbrier Co.*, No. 6:19-CV-00721-ADA, 2020 WL 4289388, at *4 (W.D. Tex. July 27, 2020) (finding venue improper based on defendant's subsidiaries' location without clear evidence to support contention that subsidiary is an alter ego of parent company).  "Settled law always presumes that corporations exist as separate entities." *Interactive Toybox, LLC v. Walt Disney Co.*, No. 1:17-CV-1137-RP, 2018 WL 5284625, at *3 (W.D. Tex. Oct. 24, 2018).

Grasping at straws, and illustrating just how far it is willing to go in doing so, DexCom attempts to support venue with its legally irrelevant allegation that "a co-founder of" a company that is now part of "Abbott Diabetes Care" "is a professor emeritus" "at The University of Texas at Austin." Am. Compl. ¶ 8. True or not, that allegation does not somehow make "The University of Texas at Austin" ADC Inc. or Sales Corp.'s "place." But it does confirm that DexCom's attempt to establish venue is truly a stretch.

Finally, DexCom alleges "Abbott Diabetes Care Sales Corp. uses, offers to sell, and sells infringing products in this district," and that ADC Inc. "uses and manufactures infringing Abbott products in this district." Am. Compl., ¶ 6. Alleging acts of infringement in the forum is not sufficient: it "only satisfies one prong of the requirements set forth in the venue statute," and "Plaintiff must still establish that Defendant has a regular and established place of business in th[e] District." *Optic153*, 2020 WL 3403076, at *3; *Westech Aerosol*, 927 F.3d at 1381 ("a sales presence in the judicial district did not, by itself, satisfy the patent venue statute").[3]

For all the foregoing reasons, DexCom's Amended Complaint should be dismissed for failure to sufficiently plead venue. *See, e.g.*, *Westech Aerosol,* 927 F.3d at 1382 (affirming

---

[3]     In any event, there can be no act of infringement in this District at least because the accused products are licensed.  *See* Defendants' concurrently filed Motion to Transfer (Dkt. 35) at § IV.B.2.a.

8

dismissal of complaint for failure to properly plead venue because "Westech failed to plead *any* facts showing that 3M had a regular and established place of business physically located in the [District]") (emphasis in original).

        2.     **ADC Inc. and Sales Corp. Do Not Have Residence Or A Regular And Established Place Of Business In This District**

DexCom did not and cannot sufficiently plead venue because the Western District of Texas is an improper venue for this case. Neither of the two bases for establishing venue applies here. ***First***, Defendants, as Delaware corporations, do not "reside" in this District. Cary Decl.,¶¶ 2-3; Exs. 7-8; *TC Heartland*, 137 S. Ct. at 1521. ***Second,*** neither Defendant has a "regular and established place of business" in this District. ████████████████████████████████████ ████████████████████████████████████████████████████ ██████████ The Defendants have no "place" in this District.

        a.    ██████████████████████████████

The first alleged "regular and established place of business" identified in DexCom's complaint is the Seven Oaks Facility in Austin. Am. Compl., ¶6. ███████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████████████████████ Cary Decl., ¶¶ 12-13. ██████████ ████████████████████████████ Gamboa Decl., ¶ 3; Cate Decl., ¶ 4.

Although owned by the same ultimate corporate parent, ADC Inc. and Sales Corp., on the one hand, and St. Jude, on the other, are formally and functionally separate entities that operate in totally different fields and maintain their corporate separateness. Cary Decl., ¶¶ 2-3; Exs. 7-8. Thus, DexCom cannot impute St. Jude's leased facility to either Defendant to establish venue. *See Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*, 6 F.4th 1283, 1289 (Fed. Cir. 2021); *see also*

*Nat'l Steel Car Ltd.,* 2020 WL 4289388, at *4 (finding venue improper based on defendant's subsidiaries' location without clear evidence that subsidiary is an alter ego of parent company). ███████████████████████████████████████████████████████ By no means can this facility be relied upon to establish venue.

           b.     <u>Sales Corp. Does Not Have A Regular And Established Place Of Business In This District</u>

██████████████████████████████████████████████████████

████████████████████████████████████████ Cate Decl., ¶¶ 3-4.███

██████████████████████████████████████████████████████

████████████████████████████ Cate Decl., ¶¶ 5-6. Merely "doing business" in the District, without a physical presence, cannot provide a basis to find a regular and established place of business. *Cray*, 871 F.3d at 1361.

DexCom cannot successfully argue that the personal homes of these sales representatives constitute a "place of business" for Sales Corp. for the reasons the Federal Circuit discussed in *Cray*. ████████████████████████████ in *Cray* there was "no indication that [defendant] owns, leases, or rents any part of [the sales employee's] home," "stored inventory or conducted demonstrations there," "conditioned [] employment or support on the maintenance" of a location in the forum, or "advertised publicly" any map indicating the employee's residence as a place of business. *Id.* There also was no evidence that "expense reimbursements and administrative support for [the defendant's] employees were provided from" within the forum. *Id.* ███████████████

███ Cate Decl., ¶¶ 5-10.

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████ The Amended Complaint must be

10

dismissed for improper venue as to Sales Corp.  *City of Waco*, 385 F. Supp. 2d at 599.

          c.     <u>ADC Inc. Does Not Have A Regular And Established Place Of Business In This District</u>

As with Sales Corp., neither of the two locations referenced in the Amended Complaint are "places of" ADC Inc. *See In re Cray Inc.*, 871 F.3d 1355, 1363 (Fed. Cir. 2017).

Beyond the Seven Oaks Facility that is not ADC Inc.'s as discussed above, *see* Section IV.A.2.a, the only other alleged regular and established place of business identified in DexCom's complaint is the Flex Facility. *See* Am. Compl. ¶ 6. This location also does not suffice to establish venue (alone or in combination with the Seven Oaks Facility).



*See* Gamboa Decl.,¶ 4. Rather, the facility is owned by Flex, an independent, third-party contract manufacturer. Gamboa Decl. ¶ 4; Ex. 4. Flex's ownership of the site is reflected, for example, in the public FDA registration for the site. Cary Dec. ¶ 4.  Flex is not an affiliate of any Abbott entity.  *See* Ex. 10 at p. 3, 115; Gamboa Dec. ¶ 4.

Gamboa Decl. ¶¶ 4, 8; Cary Dec. ¶ 5.[4]

Gamboa Decl. ¶ 8; Cary Dec. ¶¶ 7-8.

---

[4]    Flex acts as a contract manufacturer in fields as diverse as "autonomy," "smart tech," "networking," "appliances," "consumer packaging," "floor care," and "industrial devices" for "many of the world's leading technology, healthcare, automotive, and industrial companies,". Cary Decl., ¶ 5; Ex. 10.

███████████████████ Ex. 5. Flex's manufacturing contract and relationship with ADC Inc. does not mean *Flex's* facility counts as *ADC Inc.'s* "regular and established place of business." Since *Cray* was decided, every court to consider the question has decided that mere contractual relationships—or even agency relationships—with a third party cannot attribute the place of the third party to the defendant. *E.g., Newpark Mats & Integrated Servs. LLC v. Equipotential Matting, LLC*, No. 4:17-CV-00304-BRW, 2017 WL 11260850 at *2-3 (E.D. Ark. Oct. 26, 2017) ("[E]ven assuming that [a third party in the district] is [the defendant's] agent (as opposed to distributor, supplier, or contractor)," an agency relationship is insufficient under *Cray*.); *Regents of the Univ. of Minn. v. Gilead Scis., Inc.*, 2017 WL 4773150, at *6 (D. Minn. Oct. 20, 2017) (holding that employees performing their job duties, *e.g.*, servicing customers, in the district did not create a "place" of the defendant when that performance took place at the place of a third party); *CAO Lighting, Inc., v. Light Efficient Design & Elec. Wholesale Supply Co., Inc.*, 2017 WL 4556717, at *2 (D. Idaho Oct. 11, 2017) ("[T]he place cannot be ... a place of the defendant's independent contractor."); *JPW Indus., Inc. v. Olympia Tools Int'l, Inc.*, No. 16-cv-03153, 2017 WL 4512501, at *3 (M.D. Tenn. Oct. 10, 2017) (holding that the defendant's "business connections with distributors, retailers, and consumers in this district" do not constitute a "regular and established place of business" in the district). ████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████ *See* Gamboa Decl., ¶ 7. ███████████████████████████████ █ ███████████████████

---

[5] "Relevant considerations [to the inquiry of whether a defendant has established or ratified a place of business] include whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place. ... Another consideration might be whether the defendant conditioned employment on an employee's continued residence in the district or the storing of materials at a place in the district so that they can be distributed or sold from that

███████  *See In re Cray*, 871 F.3d at 1364. To the contrary, the signage outside the building clearly indicates that it belongs to Flex, ***not*** ADC Inc. (or any other Abbott entity). Cary Decl., ¶ 6; Gamboa Decl., ¶7.

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████  Ex. 5 at 1; *see also* Ex. 4 at 11.

The present situation is analogous to that in *Bd. of Regents v. Medtronic PLC*, No. A-17-CV-0942-LY, 2018 WL 4179080 (W.D. Tex. July 19, 2018). In that case, the plaintiff had alleged that one of the defendants, Medtronic Inc., had a regular and established place of business within this District based on the presence of a manufacturing and research facility operated by defendant's subsidiary, Medtronic MiniMed, Inc. *See id*. at *1-2. Defendant Medtronic Inc. had 21 employees that worked—and thus were necessarily provided the space to work—in the facility owned by Medtronic MiniMed. *See Bd. of Regents v. Medtronic PLC*, No. A-17-CV-0942-LY, Dkt. 20 at 8-9 (Ex. 16). The 21 employees provided "general support services, including human resources, customer service, and information technology." *Id.* The court found that the Medtronic MiniMed facility did not constitute a regular and established place of business for Medtronic Inc. because they were still "separate and distinct corporate entitites." *See* 2018 WL 4179080, at *2; *see also Nat'l Steel Car Ltd.,* 2020 WL 4289388, at *4 (finding venue improper based on defendant's

---

place. … Marketing or advertisements also may be relevant, but only to the extent they indicate that the defendant itself holds out a place for its business. … Potentially relevant inquiries include whether the defendant lists the alleged place of business on a website, or in a telephone or other directory; or places its name on a sign associated with or on the building itself. … A further consideration for this requirement might be the nature and activity of the alleged place of business of the defendant in the district *in comparison* with that of other places of business of the defendant in other venues." *In re Cray*, 871 F.3d at 1363-64.

subsidiaries' location without clear evidence to support contention that subsidiary is an alter ego of parent company). The facts demonstrating the Austin facility is Flex's "place" alone (and not ADC Inc.'s) are even more stark—Flex is entirely unaffiliated with ADC Inc., and ███████

████████████████████████████████████████████████████████████████████████████████

██████████ Gamboa Decl., ¶ 8; Cary Decl., ¶¶ 7-8. ADC posts no signage on the Flex Facility.

████████████████████████████████████████████████████████████████████████████████

cannot legally transform it into a "regular and established place of business" for ADC Inc., much less Sales Corp.

████████████████████████████████████████████████████████████████████

██████████████████ It cannot qualify as a regular and established place of business of ADC Inc.

### B.      Dismissal Is The Appropriate Remedy

Where, as here, the "case lay[s] venue in the wrong ... district," Section 1406(a) states that the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district ... in which it could have been brought." 28 U.S.C. §§ 1406(a). Dismissal is therefore an appropriate remedy. If the Court finds some "interest of justice" warranting transfer, transfer of this case should be to the District of Delaware or the Northern District of California. This case could have been brought in the District of Delaware, where all parties reside based on their state of incorporation. For the reasons stated in Defendants' simultaneously filed Motion to Transfer, it should have been brought in Delaware, if and when it was permitted to be brought at all. Alternatively, if for some reason Delaware is deemed improper, this case could have been brought in the Northern District of California, since DexCom admits the Defendants maintain their "principal place of business" in "Alameda, CA," Am. Compl. ¶¶ 3, 4, and the Northern District of California is more convenient.

### C.      DexCom Fails To Adequately Plead Induced Infringement Under Rule

### 12(b)(6)

This Court need go no further than dismissing this action for improper venue. *See, e.g.*, *Logantree LP v. Garmin Int'l, Inc.*, Civil Action No. SA-17-CA-0098-FB, 2017 WL 2842870, at *1 (W.D. Tex. June 22, 2017) (dismissing for improper venue and leaving resolution of Rule 12(b)(6) issues to another court should plaintiff elect to refile). Should it reach the issue, however, the Court should also dismiss DexCom's complaint under Rule 12(b)(6) for failure to properly plead its induced infringement claims.

To plead its induced infringement claims against each Defendant, DexCom needed to "allege facts showing that" each of ADC Inc. and Sales Corp.: "(1) had actual knowledge of the patent; (2) knowingly induced a third-party to infringe the patent; ***and*** (3) had specific intent to induce the patent infringement." *Affinity Labs of Texas*, 2014 WL 2892285, at *2 (citing *Glob.-Tech Appliances*, 563 U.S. at 754). DexCom failed to meet this pleading threshold at least because it failed to allege "facts plausibly showing that [each defendant] specifically intended [third parties] to infringe the [asserted] patent and knew that the [third party's] acts constituted infringement." *In re Bill of Lading Transmission and Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)*; see also Monolithic Power Sys., Inc. and Chengdu Monolithic Power Sys. Co. v. Meraki Integrated Circuit (Shenzhen) Tech., Ltd. and Promate Elec. Co.,* No. 6:20-CV-008876-ADA, 2021 WL 3931910, at *5 (W.D. Tex. Sept. 1, 2021).

DexCom's induced infringement claims for each of the asserted patents, each of the accused products, and each of the accused defendants are ***textually identical***, save for changing the patent number.[6] *Compare id.* ¶¶ 42, 54, 67, 83 92. Even under the most generous view, they

---

[6]     For example, below is DexCom's entire inducement claim for the '452 patent:

On information and belief, Abbott, with knowledge of the '452 Patent, and without authority, has actively induced and continues to actively induce infringement by

contain only three factual[7] allegations with respect to Defendants' purported specific intent to induce: Defendants (1) "design[] and introduce[] into the stream of commerce the Abbott Libre 2 systems and other infringing CGMs," (2) "publish[] manuals and promotional literature describing and instructing in the operation of the accused devices in an infringing manner," and (3) "offer[] support and technical assistance to [their] customers that encourage use of the accused products in ways that infringe the asserted claims." *See* Am. Compl. ¶¶ 42 ('213 Patent), 54 ('452 Patent), 67 ('215 Patent), 83 ('193 Patent), and 92 ('642 Patent).

These types of generic allegations, copied verbatim for each patent, product, and defendant, are insufficient to plead specific intent to induce infringement at least because they do not identify any "particular statement or material that plausibly suggests Defendants intend to induce infringement of the [Asserted Patent]," as required. *See Dodots Licensing Sols. LLC v. Lenovo Holding Co.*, 2018 WL 6629709, at *4 (D. Del. Dec. 19, 2018); *Iron Oak Techs., LLC v. Acer Am.*

---

end-users of at least one claim of the '452 Patent, under 35 U.S.C. § 271(b), by intentionally inducing the use, importation, offer for sale, and/or sale of Abbott Libre 2 systems, intending to encourage, and in fact encouraging, end-users to directly infringe the '452 Patent. On information and belief, Abbott actively induced infringement by, *inter alia*, designing and introducing into the stream of commerce the Abbott Libre 2 systems and other infringing CGMs, and by publishing manuals and promotional literature describing and instructing in the operation of the accused devices in an infringing manner and by offering support and technical assistance to its customers that encourage use of the accused products in ways that infringe the asserted claims. In addition, Abbott has had actual knowledge of end users' direct infringement and that Abbott's acts induced such infringement since at least the date of this filing, and when DexCom provided to Abbott a copy of the June 30, 2021, complaint.

Am. Compl. ¶ 54. DexCom's inducement claims for the remaining asserted patents are the same.

[7]   The three types of allegations regarding specific intent to induce are described herein as "factual" only for sake of argument. DexCom's naked, generic assertions are more properly considered as mere labels for legal conclusions and, as a result, the Court should disregard them. *See Iqbal*, 556 U.S. at 678.

*Corp.,* No. 6:17-CV-00143-RP-JCM, 2017 WL 9477677, at *6 (W.D. Tex. Nov. 28, 2017) (R&R recommending dismissal of induced infringement claims where "Plaintiff put[] forth identical language, even though the patents at issue are substantively different and would not be infringed upon in an identical fashion."). DexCom's allegations do not identify what "manuals," "literature," and "assistance" contain the accused "instructions," much less anything in those instructions that could plausibly direct end-users to use each of the accused products in an infringing manner. *Core Wireless Licensing S.A.R.L.*, No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427, at *4 (E.D. Tex. Aug. 13, 2015); *see, e.g.*, *Affinity Labs*, 2014 WL 2892285, at *7 (holding that allegations that defendant's advertisements "induced its customers to purchase [defendant's allegedly infringing] vehicles" were insufficient to plead specific intent to induce).

Absent any specific identification of any statements in the alleged documentation that allegedly encouraged a third party to infringe, there is no plausible basis to infer that Defendants specifically intended to induce infringement of any asserted patent, much less all five of them. "Where defendants have not touted the benefits of the accused products in ways that track the asserted patents, courts generally do not infer specific intent." *See Memory Integrity LLC v. Intel Corp.*, 144 F. Supp. 3d 1185, 1195 (D. Or. 2015). The laws prohibiting inducement are not intended to prohibit "ordinary acts incident to product distribution, such as offering customers technical support or product updates." *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster*, Ltd., 545 U.S. 913, 937 (2005). Yet the distribution of products and associated product information, operating instructions, and support are the only "facts" that DexCom's threadbare allegations recite.

Moreover, facts must be pled on a defendant-by-defendant basis, not as a collective whole. *Wheeler v. MicroBilt Corp.*, No. CV 15-3438-R, 2015 WL 13683632, at *1 (C.D. Cal. Dec. 10,

2015) ("A plaintiff suing multiple defendants must allege the basis of his claim against each defendant to satisfy Rule 8(a)(2)."); *Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*, No. 13-2052-LPS, 2014 WL 4675316, at *7 (D. Del. Sept. 19, 2014) ("Treating [defendants] as one big group for purposes of articulating how each has encouraged the induced infringement at issue says nothing plausible as to what any particular one of them might have done."). DexCom violates this principle by lumping ADC Inc. and Sales Corp. together as one monolithic "Abbott" and giving no notice of what DexCom is claiming each of them knew or did to induce infringement. For example, DexCom's Complaint leaves it entirely unclear which of ADC Inc. or Sales Corp. it is alleging "design[ed] and introduce[ed]" the accused products, "publish[ed] manuals and promotional literature," and "offer[ed] support and technical assistance," or whether it is alleging both entities did each of these things. Am. Comp. ¶¶ 42, 54, 67, 83, and 92.

DexCom's claims of induced infringement should be dismissed.

## V.    CONCLUSION

Defendants respectfully request that the Court grant this motion and dismiss the Amended Complaint for improper venue under § 1400(b), or in the alternative, transfer this case to the District of Delaware or to the Northern District of California pursuant to § 1406(a).[8] In addition, no facts alleged in the Complaint yield any plausible conclusion that ADC Inc. or Sales Corp. induced infringement. All such claims therefore should be dismissed.

---

[8]    As set forth in Defendants' concurrently filed Motion to Transfer, a forum selection clause controls in this case, mandating transfer to the District of Delaware. To the extent the Court finds that the forum selection clause does not apply, this case should be transferred to the Northern District of California.

Dated: September 20, 2021

Respectfully submitted,

Ellisen Shelton Turner (*Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Tel: (310) 552-4200
Email: ellisen.turner@kirkland.com

Amanda J. Hollis (*Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, IL 60654
Tel: (312) 862-2000
Email: amanda.hollis@kirkland.com

Kristina R. Cary
MA BBO#688759 (admitted in W.D. Tex.)
**KIRKLAND & ELLIS LLP**
200 Clarendon Street
Boston, MA 02116
Tel: (617) 385-7500
Fax: (617) 385-7501
Email: kristina.cary@kirkland.com

Leland G. Hansen (*Pro Hac Vice*)
Edward A. Mas II (*Pro Hac Vice*)
Alexander M. Vogler (*Pro Hac Vice*)
**MCANDREWS, HELD & MALLOY,
LTD.**
500 West Madison Street, 34th Floor
Chicago, IL 60661
Tel: (312) 887-8000
Email: lhansen@mcandrews-ip.com
Email: emas@mcandrews-ip.com
Email: avogler@mcandrews-ip.com

*/s/ J. Stephen Ravel*
J. Stephen Ravel
Texas State Bar No. 16584975
Kelly Ransom
Texas State Bar No. 24109427
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
Email: steve.ravel@kellyhart.com
Email: kelly.ransom@kellyhart.com

*Attorneys for Abbott Diabetes Care Inc. and
Abbott Diabetes Care Sales Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of the foregoing document via electronic mail on September 20, 2021.

*/s/ J. Stephen Ravel*
J. Stephen Ravel