IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABBOTT DIABETES CARE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | C.A. No. 21-1699 (KAJ) |
| DEXCOM, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| DEXCOM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | C.A. No. 22-605 (KAJ) |
| ABBOTT DIABETES CARE INC., and | ) | |
| ABBOTT DIABETES CARE SALES CORP. | ) | |
| | ) | |
| Defendants. | ) | |

# **SCHEDULING ORDER**

This __ day of _____, 2022, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a), and the parties[1] having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. C.A. No. 22-605 (KAJ) shall be consolidated with C.A. No. 21-1699 (KAJ) for all purposes, and all papers shall be filed in C.A. No. 22-605 (KAJ).

---

[1] Abbott Diabetes Care Inc. and Abbott Diabetes Sales Corp. are referred to herein as "ADC." DexCom Inc. is referred to herein as "DexCom."

2. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) within seven (7) days after entry of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, which is posted at http://www.ded.uscourts.gov, and is incorporated herein by reference.[2]

3. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before October 7, 2022.

4. <u>Discovery</u>.

    a. <u>Document Production</u>. Document production shall be substantially complete by January 20, 2023.

    b. <u>Requests for Admission</u>. A maximum of 35 requests for admission are permitted for each side. Notwithstanding the foregoing, there shall be no limit on the number of requests for admission for the purpose of authenticating documents.

    c. <u>Interrogatories</u>. A maximum of 35 interrogatories, including contention interrogatories, are permitted for each side.

    d. <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of 120 hours of taking testimony by deposition upon oral examination. Each deposition will count a minimum of 3 hours towards the time limit. Unless otherwise stipulated by the parties or

---

[2] ADC has not yet answered DexCom's complaint in C.A. 22-605, and DexCom has not yet answered ADC's complaint in C.A. 21-1699. The parties have fully briefed ADC's motion to dismiss in C.A. 22-605 (D.I. 34, 46, 49), and DexCom's motion to dismiss in C.A. 21-1699 (D.I. 19, 26, 29), which are ripe for ruling by this Court. Each party shall answer the applicable complaint within 14 days after the Court decides its motion to dismiss. To the extent a party files counter-claims or otherwise expands the scope of this matter, the other party reserves its right to propose an amended schedule as may be necessary to accommodate any changed scope.

ordered by the court, a deposition is limited to one day of seven hours. The parties will work in good faith to agree on time limits for individual depositions in advance.

    e. <u>Location of Depositions</u>.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.  The parties will work in good faith to agree on the location and means for taking depositions.

    f. <u>Discovery Cut Off</u>.  All discovery in this case shall be initiated so that it will be completed on or before **[DXCM: March 1, 2023 / ADC: March 16, 2023]**.  The Court encourages the parties to serve and respond to contention interrogatories early in the case.

    g. <u>Disclosure of Expert Testimony</u>.  All expert discovery in this case shall initiated so that it will be completed on or before **[DXCM: May 22, 2023 / ADC: June 22, 2023]**. Unless otherwise agreed to by the parties, they shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before **[DXCM: March 24, 2023 / ADC: April 6, 2023]**, file a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party on or before **[DXCM: April 17, 2023 / ADC: May 4, 2023]**, and file a reply disclosure to contradict or rebut evidence on the subject matter identified by another party in rebuttal on or before **[DXCM: May 1, 2023 / ADC: May 25, 2023]**. For expert witnesses, each side is limited to 7 hours per expert report of taking testimony by deposition upon oral examination, provided that this limit may be increased by agreement among

the parties or by court order for good cause.[3] To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

   h. <u>Discovery Disputes</u>.  Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed 1,500 words, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed 1,500 words, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

   i. <u>Disclosures</u>.

   (1) DexCom has already identified the accused products, including accused methods and systems, as well as the asserted patents and asserted claims that the accused products allegedly infringe.  DexCom will identify its damages model in its Initial Disclosures.

   (2) ADC has already produced core technical documents related to the accused products, sufficient to show how the accused products work, including but not limited to

---

[3]  Good cause is presumed (rebuttable) when an expert's report addresses more than three unrelated patents on subjects of infringement, noninfringement, validity, or invalidity.

non-publicly available operation manuals, product literature, schematics, and specifications. By June 30, 2022, ADC shall also produce sales figures for the accused products.

(3) DexCom has already produced an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

(4) ADC has already produced its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

(5) On or before February 16, 2023, DexCom shall provide final contentions regarding infringement.

(6) On or before March 2, 2023, ADC shall provide final contentions regarding invalidity.

5. <u>Application to Court for Protective Order</u>. The parties agree to adopt a Protective Order that is equivalent to that ordered by the Court in C.A. No. 21-977, to be filed with the Court within fourteen days of entry of this Order.

6. <u>Filings Under Seal</u>. Papers Filed Under Seal. A redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of

the redacted material would work a clearly defined and serious injury to the party seeking redaction.

7. <u>Interim Status Report</u>.  No later than seven (7) days before the Status Conference of paragraph 8, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8. <u>Status Conference</u>.  The Court will hold a Rule 16 conference with counsel in connection with the dispositive motion and claim construction hearing.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9. <u>Tutorial Describing the Technology and Matters in Issue</u>.  Unless otherwise ordered by the Court, the parties shall provide the Court, **[DXCM: no later than the date on which dispositive motions are due / ADC: no later than the date on which dispositive motions and opening claim construction briefs are due]**, a tutorial on the technology at issue. In that regard, the parties may separately or jointly submit a DVD of not more than 30 minutes. The tutorial should focus on the technology in issue and should not be used to argue claim construction contentions. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in no more than 1,750 words) on the opposing party's tutorial. Any such comment shall be filed **[DXCM: no later than the date on which response briefs to dispositive motions are due / ADC: no later than the date on which response briefs to dispositive motions and answering claim construction briefs are due]**. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

   10. <u>Case Dispositive Motions</u>.  All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **[DXCM: June 5, 2023 / ADC: July 13, 2023]**. Answering briefs shall be served and filed on or before **[DXCM: June 26, 2023 / ADC: August 3, 2023]**.  Reply briefs shall be served and filed on or before **[DXCM: July 11, 2023 / ADC: August 17, 2023]**. Briefing will otherwise be presented pursuant to the Court's Local Rules.

    a. <u>No early motions without leave</u>.  No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

    b. <u>Page limits combined with *Daubert* motion page limits</u>.  Each party is permitted to file as many case dispositive motions as desired provided, however, that each SIDE will be limited to a combined total of 15,000 words for all opening briefs, a combined total of 15,000 words for all answering briefs, and a combined total of 7,500 words for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of words permitted for all case dispositive and *Daubert* motions shall be increased to 20,000 words for all opening briefs, 20,000 words for all answering briefs, and 10,000 words for all reply briefs for each SIDE.[4]

    c. <u>Hearing</u>.  On August 31, 2023, at 10:00 a.m., the Court will hear argument on all pending dispositive and *Daubert* motions, hear evidence and argument on claim

---

[4] The parties must work together to ensure that the Court receives no more than a total of 100,000 words (i.e., 20,000 + 20,000 + 10,000 words regarding one side's motions, and 20,000 + 20,000 + 10,000 words regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

construction, and hold a Status Conference as set forth in paragraph 8 above. Subject to further order of the Court, each side will be allocated a total of one hundred and twenty (120) minutes to present its argument on all pending motions and claim construction issues.

      11.     <u>Claim Construction Issue Identification</u>. The parties have already briefed claim construction issues in this case (D.I. 89-92, 98, 104, 108), which briefs and supporting materials shall form the claim construction record in this action for the terms addressed therein, subject to the parties' right to identify for the Court any relevant supplemental caselaw authority, including caselaw from this District, supporting their proposed constructions of those terms. To the extent the parties believe supplemental briefing is necessary **[DXCM: after fact discovery, they shall raise that issue with the Court, and supplemental claim construction briefing allowed by the Court shall be done on the same schedule as dispositive motions. / ADC: with respect to any other claim terms, on or before November 24, 2022, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction in addition to those that were identified and briefed by the parties before transfer. On or before December 8, 2022, the parties shall exchange their proposed claim constructions of all the term(s)/phrase(s) identified by the parties. These documents will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer by December 15, 2022, to prepare a Joint Claim Construction Chart to be submitted on the date identified in paragraph 12.a below. The parties' Joint Claim Construction Chart, which shall include the terms briefed prior to transfer, and the additional terms identified in accordance with this paragraph, should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy**

of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.]

    12.    <u>Claim Construction Issue Submissions</u>.  **[DXCM:  To the extent supplemental claim construction briefing is permitted by the Court, it shall be briefed in connection with dispositive motions. / ADC:**

    a.    **The Joint Claim Construction Chart shall be submitted to the Court no later than December 22, 2023.**

    b.    **By July 13, 2023, each party shall file an opening claim construction brief in support of its proposed constructions of terms that it identified for construction as set forth paragraph 11 above, if any, not to exceed 5,000 words.**

    c.    **By August 3, 2023, each party shall file an answering claim construction brief, not to exceed 7,500 words.**

    d.    **By August 17, 2023, each party shall file a reply claim construction brief, not to exceed 2,500 words.]**

    13.    <u>Applications by Motion</u>.

    a.    Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

    b.    <u>Motions to Amend</u>.

    (1)    Any motion to amend (including a motion for leave to amend) a pleading shall NOT be accompanied by an opening brief but shall, instead, be accompanied by a

letter, not to exceed 1,500 words, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

        (2)    Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed 2,500 words.

        (3)    Within three (3) days thereafter, the moving party may file a reply letter, not to exceed 1,000 words, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

    c.    <u>Motions to Strike</u>.

        (1)    Any motion to strike any pleading or other document shall NOT be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed 1,500 words, describing the basis for the requested relief, and shall attach the document to be stricken.

        (2)    Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed 2,500 words.

        (3)    Within three (3) days thereafter, the moving party may file a reply letter, not to exceed 1,000 words, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

14.    <u>Pretrial Conference</u>.  On **[DXCM: November 6, 2023 / ADC: January 18, 2024]**, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 10:00 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure

26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before **[DXCM: October 9, 2023 / ADC: December 21, 2023]**.

15. <u>Motions *in Limine*</u>.  Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of 1,750 words of argument and may be opposed by a maximum of 1,750 words of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single 1,750 word submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

16. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>.  Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect or Word format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

17. <u>Trial</u>.  This matter is scheduled for a 7-10 day jury trial beginning at 9:30 a.m. on **[DXCM: December 4, 2023 / ADC: February 12, 2024]**. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of ___ hours to present their case.

_____
UNITED STATES CIRCUIT JUDGE,
Sitting by designation