IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEXCOM, INC., | ) | |
| | ) | **Redacted - Public Version** |
| Plaintiff, | ) | |
| | ) | C.A. No. 22-605-KAJ |
| v. | ) | **CONSOLIDATED** |
| | ) | |
| ABBOTT DIABETES CARE INC. and | ) | **DEMAND FOR JURY TRIAL** |
| ABBOTT DIABETES CARE SALES CORP., | ) | |
| | ) | ▮▮▮▮▮▮▮▮▮▮ |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF DEXCOM, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
TO DEFENDANTS' COUNTERCLAIMS, AND DEXCOM'S
COUNTER-COUNTERCLAIM**

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for DexCom, Inc.*

OF COUNSEL:
David Bilsker
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(213) 443-3000

Kevin P.B. Johnson
Todd M. Briggs
Margaret Shyr
Dallas Bullard
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
(650) 801-5000

Brian P. Biddinger
Alexander Rudis
Cary E. Adickman
Alex Zuckerman
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

Nathan Hamstra
Jonathon Studer
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400

Valerie Lozano
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Isabel Peraza
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
1300 I St. NW #900,
Washington, DC 20005
(202) 538-8000

Theodore Kwong
HILGERS GRABEN PLLC
10000 N. Central Expy., Suite 400
Dallas, TX 75231
(972) 645-3097

Dated: September 23, 2022

Plaintiff, Counter-Defendant, and Counter-Counterclaim Plaintiff DexCom Inc., by and through its undersigned counsel, responds to the non-stayed Counterclaims set forth in Defendants Abbott Diabetes Care Inc. ("ADC Inc.") and Abbott Diabetes Care Sales Corp. ("ADC Sales Corp.") (collectively, the "ADC Parties") Answer to DexCom's First Amended Complaint, and Counterclaims as follows:

### RESPONSE TO INTRODUCTION[1]

1.      DexCom denies the allegations of paragraph 1.

2.      DexCom denies the allegations of paragraph 2.

3.      DexCom denies the allegations of paragraph 3.

4.      DexCom denies the allegations of paragraph 4.

5.      DexCom denies the allegations of paragraph 5.

6.      DexCom denies the allegations of paragraph 6.

7.      DexCom denies the allegations of paragraph 7.

8.      DexCom denies the allegations of paragraph 8.

9.      DexCom denies the allegations of paragraph 9.

10.      DexCom denies the allegations of paragraph 10.

11.      DexCom denies the allegations of paragraph 11.

12.      DexCom denies the allegations of paragraph 12.

13.      DexCom denies the allegations of paragraph 13.

---

[1]   For the Court's convenience, DexCom has incorporated the headings that appear in the ADC Parties' Counterclaims. It should be understood, however, that DexCom does not necessarily agree with any allegation, characterization, or implication made by said headings.

## RESPONSE TO COUNTERCLAIMS

113.     DexCom incorporates by reference DexCom's First Amended Complaint and the foregoing paragraphs as if fully set forth herein.

114.     DexCom admits that the ADC Parties purport to base subject matter jurisdiction on the statutes listed in paragraph 114. DexCom does not dispute that this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the ADC Parties' First, Second and Third Counterclaims to the extent that they relate to the U.S. Asserted Patents and U.S. patent litigation. Except as expressly admitted, DexCom denies the allegations of paragraph 114.

115.     DexCom does not dispute that this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the ADC Parties' First, Second and Third Counterclaims to the extent that they relate to the U.S. Asserted Patents and U.S. patent litigation. Except as expressly admitted, DexCom denies the allegations of paragraph 115.

116.     DexCom does not dispute that this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the ADC Parties' First, Second and Third Counterclaims to the extent that they relate to the U.S. Asserted Patents and U.S. patent litigation. Except as expressly admitted, DexCom denies the allegations of paragraph 116.

117.     DexCom does not dispute that this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the ADC Parties' First, Second and Third Counterclaims to the extent that they relate to the U.S. Asserted Patents and U.S. patent litigation. Except as expressly admitted, DexCom denies the allegations of paragraph 117.

118.     DexCom denies the allegations of paragraph 118.

119.     DexCom does not contest venue in this judicial district for the limited purpose of this action only. Except as expressly admitted, DexCom denies the allegations of paragraph 119.

120.     DexCom admits that ¶ J.4 of the SLA includes the quoted sentence, "For any dispute arising from or under or relating to this Agreement, each Party stipulates to personal jurisdiction and venue in the state of Delaware." DexCom does not contest venue in this judicial district for the limited purpose of this action only. Except as expressly admitted, DexCom denies the allegations of paragraph 120.

121.     DexCom admits the allegations of paragraph 121 upon information and belief.

122.     DexCom admits the allegations of paragraph 122 upon information and belief.

123.     DexCom admits the allegations of paragraph 123.

## RESPONSE TO FACTUAL BACKGROUND

124.     DexCom admits that what purports to be a copy of the SLA is attached to the ADC Parties' Answer and Counterclaims as Exhibit B, and that the SLA settled litigation between ADC Inc. and DexCom. Except as expressly admitted, DexCom denies the allegations of paragraph 124.

125.     DexCom admits that ADC Inc. filed three patent infringement lawsuits against DexCom, which collectively asserted eight ADC patents. DexCom admits that, in Case No. 590 (filed August 11, 2005), ADC Inc. alleged that DexCom infringed U.S. Patent Nos. 6,175,752, 6,284,478, 6,329,161, and 6,565,509. DexCom admits that, in Case No. 514 (filed August 17, 2006), ADC Inc. alleged that DexCom infringed U.S. Patent Nos. 5,899,855, 6,134,461, and 6,990,366. DexCom admits that, in Case No. 2105 (filed December 31, 2013), ADC Inc. alleged that DexCom infringed U.S. Patent No. 8,175,673. Except as expressly admitted, DexCom denies the allegations of paragraph 125.

126.     DexCom admits that it filed reexamination proceedings against the seven patents that ADC Inc. asserted in Case No. 590 and Case No. 514.  Except as expressly admitted, DexCom denies the allegations of paragraph 126.

127.    DexCom admits that in July 2014 the parties signed the SLA.  At that time, some claims had been confirmed in reexamination and other *ex parte* reexaminations remained pending before the USPTO. *See* SLA, Exhibit C. Except as expressly admitted, DexCom denies the allegations of paragraph 127.

128.    DexCom admits that it signed the SLA in which ADC Inc. agreed to dismiss its then-pending claims of patent infringement against DexCom, grant DexCom a license to some of ADC Inc.'s patents, and grant DexCom a covenant not to sue for a specified period of time. DexCom admits that, on July 7, 2014, the Court dismissed ADC Inc.'s infringement cases pending against DexCom. Except as expressly admitted, DexCom denies the allegations of paragraph 128.

129.    DexCom denies the allegations of paragraph 129.

130.    DexCom admits that Paragraph C.2 of the SLA states that "Subject to ADC's material compliance with the terms and conditions of this Agreement, DexCom grants ADC a royalty-free, worldwide, non-exclusive, non-sublicensable license under DexCom Licensed Patents to make, have made, use, offer for sale, sell, distribute, import and have imported ADC Products." Except as expressly admitted, DexCom denies the allegations of paragraph 130.

131.    DexCom admits that "DexCom Licensed Patents" is defined by the SLA in section A.13, which speaks for itself. DexCom denies the ADC Parties' characterization of that definition in paragraph 131. Except as expressly admitted, DexCom denies the allegations of paragraph 131.

132.    DexCom admits that Paragraph H.3 of the SLA states: ████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

4



Except as expressly admitted, DexCom denies the allegations of paragraph 132.

133.    DexCom denies the allegations of paragraph 133.

134.    DexCom admits that Paragraph J.4 of the SLA states: "The United States Federal District Court for the District of Delaware shall have exclusive jurisdiction over any dispute arising from or under or relating to this Agreement, to the extent permitted by law. The state courts of Delaware shall have exclusive jurisdiction over any dispute arising from or under or relating to this Agreement, to the extent subject matter jurisdiction is lacking in federal courts. For any dispute arising from or under or relating to this Agreement, each Party stipulates to personal jurisdiction and venue in the state of Delaware. For any dispute brought in Delaware that arises from or under or relates to this Agreement, each Party waives any defenses based upon lack of personal jurisdiction, lack of venue, or forum non conveniens, and waives the right to seek transfer out of Delaware." The remainder of paragraph 134 contains a legal conclusion to which a response is not required.  To the extent a response is required, except as expressly admitted DexCom denies the allegations of paragraph 134.

135.    DexCom admits that paragraph 135 accurately quotes Paragraph J.1 of the SLA. The remainder of paragraph 135 contains a legal conclusion to which a response is not required.

To the extent a response is required, except as expressly admitted DexCom denies the allegations of paragraph 135.

136.    DexCom admits that paragraph 136 accurately quotes Paragraph J.3. Except as expressly admitted, DexCom denies the allegations of paragraph 136.

137.    DexCom denies the allegations of paragraph 137.

138.    DexCom admits the allegations of paragraph 138.

139.    DexCom denies the allegations of paragraph 139.

140.    DexCom denies the allegations of paragraph 140.

141.    DexCom denies the allegations of paragraph 141.

142.    DexCom denies the allegations of paragraph 142.

143.    DexCom denies the allegations of paragraph 143.

144.    DexCom denies the allegations of paragraph 144.

145.    DexCom denies the allegations of paragraph 145.

146.    DexCom denies the allegations of paragraph 146.

147.    DexCom lacks information sufficient to form a belief whether the FSL Products accused in this litigation are made for ADC Inc. by third party service providers according to instructions from ADC Inc. employees, and therefore denies the same. DexCom denies the remaining allegations of paragraph 147.

148.    DexCom denies the allegations of paragraph 148.

149.    DexCom denies the allegations of paragraph 149.

150.    DexCom denies the allegations of paragraph 150.

151.    DexCom denies the allegations of paragraph 151.

152.    DexCom admits the allegations of paragraph 152.

153.     DexCom denies the allegations of paragraph 153.

154.     DexCom denies the allegations of paragraph 154.

155.     DexCom denies the allegations of paragraph 155.

156.     DexCom denies the allegations of paragraph 156.

157.     DexCom denies the allegations of paragraph 157.

158.     DexCom denies the allegations of paragraph 158.

159.     DexCom lacks information sufficient to form a belief as to the allegations in paragraph 159 and therefore denies the same.

160.     DexCom denies the allegations of paragraph 160.

161.     DexCom denies the allegations of paragraph 161.

162.     DexCom denies the allegations of paragraph 162.

163.     DexCom denies the allegations of paragraph 163.

164.     DexCom admits that ADC Inc. sent a letter dated September 20, 2021, in which ADC Inc. purported to "provide notice that DexCom has materially breached the July 2, 2014 Settlement and License Agreement between ADC and DexCom." DexCom admits that the letter was sent to the addresses listed for DexCom under Paragraph K.8 of the SLA, as well as to other addresses associated with DexCom and its counsel. Except as expressly admitted, DexCom denies the allegations of paragraph 164.

165.     DexCom admits that ADC Inc.'s September 20, 2021 letter asserted that: "DexCom has filed infringement actions asserting a number of patents in the United States and Europe against ADC Inc., its products, and affiliates, without initiating the dispute resolution procedures detailed in the SLA." DexCom admits that footnote 1 of ADC Inc.'s letter listed the W.D. Tex. Litigation

and Foreign Litigations. Except as expressly admitted, DexCom denies the allegations of paragraph 165.

166.    DexCom admits that ADC Inc.'s September 20, 2021 letter asserted in conclusory fashion that: "A review of the patent claims DexCom is asserting in its infringement actions reveals that each of them is licensed under the SLA. So are all of the accused products." DexCom admits that ADC Inc.'s September 20, 2021 letter purported to identify, without analysis, paragraphs of the SLA that allegedly applied to the patents. Except as expressly admitted, DexCom denies the allegations of paragraph 166.

167.    DexCom admits that ADC Inc.'s September 20, 2021 letter asserted in conclusory fashion that: "Each of DexCom's pending patent infringement suits referenced above is a material breach of at least Paragraphs C, H, and J of the SLA." Except as expressly admitted, DexCom denies the allegations of paragraph 167.

168.    DexCom admits that ADC Inc.'s September 20, 2021 letter stated the following: "ADC requests that DexCom immediately dismiss these lawsuits with prejudice. If DexCom refuses to dismiss these DexCom lawsuits as requested, in accordance with Section J.1 of the SLA, ADC requests a meeting in person or by telephone conference within 14 days after this notice to discuss and negotiate an expeditious resolution of the dispute in good faith." Except as expressly admitted, DexCom denies the allegations of paragraph 168.

169.    DexCom admits that Paragraph J.1 of the SLA states, in part: "In the event any dispute(s) arise(s) from, under, or relating to this Agreement, including alleged material or non-material breaches, a Party (the 'Noticing Party') shall give notice of any such dispute(s), and the Parties shall meet in person or by telephone conference within 14 days after such notice and shall

8

discuss and negotiate an expeditious resolution of the dispute in good faith." Except as expressly admitted, DexCom denies the allegations of paragraph 169.

170.    DexCom admits that, in a letter dated Thursday, September 30, 2021, ADC Inc. stated: "Please let us know when DexCom will meet with ADC pursuant to SLA ¶ J(1)." DexCom admits that the September 30, 2021 letter stated that: "That provision requires the parties to meet in person or by telephone by no later than 14 days after our notice, which is October 4." DexCom admits that the September 30, 2021 letter proposed a teleconference to occur on Friday, October 1, 2021. Except as expressly admitted, DexCom denies the allegations of paragraph 170.

171.    DexCom admits that it did not accept ADC Inc.'s proposed date of Friday, October 1 for a teleconference, which ADC Inc. proposed in a letter dated Thursday, September 30, 2021. Except as expressly admitted, DexCom denies the allegations of paragraph 171.

172.    DexCom admits that, on October 4, 2021, ADC Inc. sent an email to DexCom, stating that: "We have not received a response to my September 30 letter." Except as expressly admitted, DexCom denies the allegations of paragraph 172.

173.    DexCom admits that in an October 4, 2021 email, ADC Inc. asked DexCom: "Will Dexcom make itself available to meet with us by today's deadline under SLA ¶ J(1)? If so, can you please provide a time?" Except as expressly admitted, DexCom denies the allegations of paragraph 173.

174.    DexCom admits on October 4, 2021, DexCom sent an email to ADC Inc. that stated: "I am in a deposition today and tomorrow, but we will respond to the letter as soon as practicable. I note that your most recent letter purports to incorporate hundreds of pages of material." Except as expressly admitted, DexCom denies the allegations of paragraph 174.

175.    DexCom denies the allegations of paragraph 175.

176.     DexCom admits that, on October 6, 2021, DexCom sent ADC Inc. a letter, which stated in part: "Despite ongoing discussions between the General Counsels of Abbott and Dexcom concerning the potential resolution of various disputes between the parties, at no time did Abbott raise a dispute concerning the SLA. Even months after the action was filed by Dexcom, Abbott said nothing. Instead, Abbott filed a venue transfer motion raising for the first time a frivolous license argument, pointing to the SLA. Subsequently, Dexcom's outside counsel received a letter from Abbott's outside counsel essentially pointing to that motion and asking for a response. Thus, rather than raising a dispute with Dexcom pursuant to the SLA, Abbott chose to first raise the dispute with the Court. Dexcom will respond to this argument, and the others raised in that venue transfer motion pursuant to the schedule set by the Court." Except as expressly admitted, DexCom denies the allegations of paragraph 176.

177.     DexCom admits that in a letter dated October 15, 2021, ADC Inc. stated: "DexCom's refusal to participate in the parties' agreed dispute resolution procedure is disappointing. It constitutes another breach of its settlement and license agreement with ADC, and your letter offers no interpretation of the SLA that DexCom believes would permit it." Except as expressly admitted, DexCom denies the allegations of paragraph 177.

178.     DexCom admits that in a letter dated October 15, 2021, ADC, Inc. stated: "ADC remains willing to meet with DexCom to discuss these issues if DexCom changes its mind and becomes willing to do so." Except as expressly admitted, DexCom denies the allegations of paragraph 178.

179.     DexCom denies the allegations of paragraph 179.

## RESPONSE TO FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement due to License and/or Exhaustion)

180.    DexCom restates and incorporates by reference its responses in the preceding paragraphs as though fully set forth herein.

181.    DexCom denies the allegations of paragraph 181.

182.    DexCom denies the allegations of paragraph 182.

## RESPONSE TO SECOND COUNTERCLAIM
### (Breach of Contract)

183.    DexCom restates and incorporates by reference its responses in the preceding paragraphs as though fully set forth herein.

184.    The allegations of paragraph 184 state legal conclusions to which no responses are required, and are therefore denied.

185.    DexCom denies the allegations of paragraph 185.

186.    DexCom denies the allegations of paragraph 186.

187.    DexCom denies the allegations of paragraph 187.

188.    DexCom denies the allegations of paragraph 188.

189.    DexCom denies the allegations of paragraph 189.

## RESPONSE TO THIRD COUNTERCLAIM
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

190.    DexCom restates and incorporates by reference its responses in the preceding paragraphs as though fully set forth herein.

191.    DexCom filed a Motion to Dismiss the Third Counterclaim and thus, no response to this paragraph is required.  The allegations of paragraph 191 also state legal conclusions to which no responses are required, and are therefore denied.

192.    DexCom filed a Motion to Dismiss the Third Counterclaim and thus, no response to this paragraph is required.   To the extent that a response is required, DexCom denies the allegations of paragraph 192.

193.    DexCom filed a Motion to Dismiss the Third Counterclaim and thus, no response to this paragraph is required.   To the extent that a response is required, DexCom denies the allegations of paragraph 193.

194.    DexCom filed a Motion to Dismiss the Third Counterclaim and thus, no response to this paragraph is required.   To the extent that a response is required, DexCom denies the allegations of paragraph 194.

195.    DexCom filed a Motion to Dismiss the Third Counterclaim and thus, no response to this paragraph is required.   To the extent that a response is required, DexCom denies the allegations of paragraph 195.

196.    DexCom filed a Motion to Dismiss the Third Counterclaim and thus, no response to this paragraph is required.   To the extent that a response is required, DexCom denies the allegations of paragraph 196.

### RESPONSE TO FOURTH COUNTERCLAIM
**(Declaratory Judgment of Non-Infringement of the '213 Patent)**

197.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

198.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have

been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

199.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

200.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

**RESPONSE TO FIFTH COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the '452 Patent)**

201.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

202.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those

counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

203.     Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

204.     Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

**RESPONSE TO SIXTH COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the '215 Patent)**

205.     Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

206.     Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

207.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

208.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

## RESPONSE TO SEVENTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '193 Patent)

209.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

210.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

211.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have

been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

212.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

## RESPONSE TO EIGHTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '642 Patent)

213.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

214.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

215.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those

counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

216.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

**RESPONSE TO NINTH COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of the '213 Patent)**

217.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

218.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

219.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

220.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

<u>**RESPONSE TO TENTH COUNTERCLAIM**</u>
**(Declaratory Judgment of Invalidity of the '452 Patent)**

221.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

222.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

223.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

224.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have

been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

## RESPONSE TO ELEVENTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '215 Patent)

225.   Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

226.   Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

227.   Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

228.   Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those

counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

## RESPONSE TO TWELFTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '193 Patent)

229.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

230.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

231.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

232.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

## <u>RESPONSE TO THIRTEENTH COUNTERCLAIM</u>
### (Declaratory Judgment of Invalidity of the '642 Patent)

233.     Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

234.     Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

235.     Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

236.     Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

## RESPONSE TO FOURTEENTH COUNTERCLAIM
### (Declaratory Judgment of Unenforceability of the '213 Patent)

237.     Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

238.     Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

239.     Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

240.     Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

241.     Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have

been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

242.   Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

243.   Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

244.   Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

245.   Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

246.     Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

247.     Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

248.     Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

249.     Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

250.     Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those

counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

251.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

252.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

253.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

## RESPONSE TO FIFTEENTH COUNTERCLAIM
### (Declaratory Judgment of Unenforceability of the '452 Patent)

254.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

255.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

256.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

257.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

258.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

259.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those

counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

260.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

261.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

262.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

263.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

264.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

265.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

266.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

267.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

268.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those

counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

269.     Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

## RESPONSE TO SIXTEENTH COUNTERCLAIM
### (Declaratory Judgment of Unenforceability of the '215 Patent)

270.     Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

271.     Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

272.     Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

273.   Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

274.   Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

275.   Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

276.   Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

277.   Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those

counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

278.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

279.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

280.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

281.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

282.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

283.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

284.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

285.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

## RESPONSE TO SEVENTEENTH COUNTERCLAIM
### (Declaratory Judgment of Unenforceability of the '193 Patent)

286.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have

been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

287.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

288.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

289.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

290.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

291.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

292.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

293.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

294.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

295.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those

counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

296.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

297.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

298.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

299.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

## RESPONSE TO EIGHTEENTH COUNTERCLAIM
### (Declaratory Judgment of Unenforceability of the '642 Patent)

300.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

301.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

302.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

303.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

304.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have

been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

305. Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

306. Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

307. Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

308. Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

309.     Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

310.     Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

311.     Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

312.     Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

313.     Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those

counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

314.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

315.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

316.    Pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond to this paragraph after those claims move forward on a schedule to be set by the Court.

## <u>RESPONSE TO PRAYER FOR RELIEF</u>

To the extent the Counterclaim-Plaintiffs ADC Parties' Prayer for Relief requires a response, DexCom denies that the ADC Parties are entitled to any relief requested in their Prayer for Relief or any relief whatsoever.

**DEXCOM'S DEFENSES TO ADC PARTIES' FIRST, SECOND AND THIRD
COUNTERCLAIMS**

DexCom takes on the burden with respect to the below only insofar as required by law. With respect to the below paragraphs, DexCom repeats and incorporates by reference the allegations set forth in its First Amended Complaint (D.I. 19) and its responses to each of paragraphs 1-316 above.

**FIRST DEFENSE
(FAILURE TO STATE A CLAIM)**

317.    The ADC Parties fail to state a claim upon which relief can be granted.

**SECOND DEFENSE
(UNCLEAN HANDS)**

318.    DexCom incorporates by reference DexCom's First Amended Complaint and the foregoing paragraphs as if fully set forth herein.

319.    The ADC Parties' First, Second, and Third Counterclaims are barred by the doctrine of unclean hands because, *inter alia*, under the ADC Parties' interpretation of the SLA, the ADC Parties have materially breached the SLA.

320.    In April 2022, the ADC Parties filed eight *inter parties* review (IPR) petitions directed at the Patents-in-Suit, asking the Patent Office to find certain claims of the Patents-in-Suit invalid over alleged prior art. *See Abbott Diabetes Care Inc. v. DexCom Inc.*, IPR2022-00908 (filed April 21, 2022) (challenging claims of the '193 Patent); *Abbott Diabetes Care Inc. v. DexCom Inc.*, IPR2022-00909 (filed April 21, 2022) (challenging claims of the '215 Patent); *Abbott Diabetes Care Inc. v. DexCom Inc.*, IPR2022-00913 (filed April 23, 2022) (challenging claims of the '213 Patent); *Abbott Diabetes Care Inc. v. DexCom Inc.*, IPR2022-00914 (filed April 23, 2022) (challenging claims of the '213 Patent); *Abbott Diabetes Care Inc. v. DexCom Inc.*, IPR2022-00917 (filed April 23, 2022) (challenging claims of the '452 Patent); *Abbott Diabetes*

*Care Inc. v. DexCom Inc.*, IPR2022-00918 (filed April 23, 2022) (challenging claims of the '452 Patent); *Abbott Diabetes Care Inc. v. DexCom Inc.*, IPR2022-00921 (filed April 23, 2022) (challenging claims of the '642 Patent); *Abbott Diabetes Care Inc. v. DexCom Inc.*, IPR2022-00922 (filed April 23, 2022) (challenging claims of the '642 Patent) (collectively, "the IPR Petitions").

321.    The ADC Parties have contended that the Patents-in-Suit are licensed under the SLA.

322.    The ADC Parties have contended that the SLA is a valid and binding agreement between DexCom and the ADC Parties, and that the SLA contains an implied covenant of good faith and fair dealing.

323.    The ADC Parties have contended that "any claims 'arising from or under or relating to' the SLA" must "be brought exclusively in Delaware." (D.I. 168, ¶ 189.)

324.    The ADC Parties have contended that "any claims 'arising from or under or relating to' the SLA" may be brought "only after [the ADC Parties] [have] complied with the Dispute Resolution Clause" of the SLA. (D.I. 168, ¶ 189.)

325.    The ADC Parties did not notify DexCom that they intended to file the IPR Petitions before they filed the IPR Petitions.

326.    Under the ADC Parties' interpretation of the SLA, the ADC Parties materially breached the SLA by filing a dispute concerning the Patents-in-Suit in a forum other than this Court and by not providing advance notice under the SLA.

327.    Because the ADC Parties have unclean hands under the ADC Parties' interpretation of the SLA, they are not entitled to relief with respect to their claims that DexCom allegedly breached the SLA.

## THIRD DEFENSE
## (FAILURE OF CONDITION PRECEDENT)

328.    DexCom reasonably believed that its patent infringement lawsuits against ADC Inc. and affiliates were unrelated to the SLA.

329.    The ADC Parties have taken the position that the patent infringement lawsuits are disputes which "arise from, under or relating to" the SLA.

330.    Paragraph J.1 of the SLA provides: "In the event any dispute(s) arise(s) from, under or relating to this Agreement, including alleged material or non-material breaches, a Party (the "Noticing Party") shall give notice of any such dispute(s), and the Parties shall meet in person or by telephone conference within 14 days after such notice and shall discuss and negotiate an expeditious resolution of the dispute in good faith. If the Parties are unable to resolve their dispute(s) within 30 days after this initial meeting, the Parties shall elevate the dispute(s) to their respective Presidents, and the President of each Party or his/her direct designee shall meet in person within 45 days of the initial meeting. The in-person meeting shall occur at or near the headquarters of the Party that is not the Noticing Party, unless a different location is agreed upon by the Parties. At the in-person meeting, the Parties' Presidents or their designees shall discuss and negotiate in good faith to arrive at a resolution of the dispute(s). If the Parties do not resolve their dispute(s) within 30 days of the in-person meeting of their respective Presidents or their designees, either Party may then exercise any remedies available under this Agreement or under the law or equitable principles of any applicable jurisdiction, including instituting litigation subject to the forum selection clause provided in Paragraph J.4 of this Agreement."

331.    On September 20, 2021, prior to raising its concerns with DexCom according to the ADC Parties' interpretation of the terms of the SLA, the ADC Parties filed a motion to transfer asking the Western District of Texas to transfer this case to this Court. (D.I. 35.)

332.     Pre-litigation notification that a Noticing Party believes a dispute "arise(s) from, under or relating" to the SLA is a condition precedent for the remainder of the dispute resolution framework of the SLA.

333.     Because the ADC Parties failed to meet the initial notification condition in Paragraph J.1, the dispute resolution framework of Paragraph J.1 and J.4 was not triggered. As a result of the failure of condition precedent, the ADC Parties forfeited their rights under Paragraphs J.1 and J.4 with respect to DexCom's claims against the ADC Parties in this litigation.

## FOURTH DEFENSE
## (EQUITABLE DEFENSES)

334.     The ADC Parties' counterclaims against DexCom are barred by one or more of the equitable doctrines of estoppel, acquiescence, unclean hands, and waiver.

## FIFTH DEFENSE
## (LIMITATIONS ON DAMAGES)

335.     The SLA states: "Attorneys' Fees. Each party shall bear its own costs, attorney's fees, and expenses associated with the Litigation, this Agreement, and any disputes arising under this Agreement."

336.     The ADC Parties are precluded from seeking recovery in this action of any of their attorney's fees, costs, and expenses.

## SIXTH DEFENSE
## (NO INJUNCTIVE RELIEF)

337.     The ADC Parties are not entitled to injunctive relief because they have an adequate remedy at law for the alleged Counterclaims and no irreparable injury.

## SEVENTH DEFENSE
## (STATUTE OF LIMITATIONS)

338.     The ADC Parties' claims and/or defenses are barred by the statute of limitations to the extent the claim and/or defense asserts that DexCom violated the SLA by obtaining a patent

that issued more than 3 years from the date on which the ADC Parties first assert said claim and/or defense.

### EIGHTH DEFENSE
### (MUTUAL MISTAKE OR UNILATERAL MISTAKE)

339.    The SLA is voidable due to mutual mistake and/or unilateral mistake.

### RESERVATION OF RIGHTS

340.    DexCom reserves the right to raise additional defenses as they become known through further investigation and discovery.

341.    In addition, pursuant to the parties' agreement set forth in the Proposed Amended Scheduling Order (D.I. 174), DexCom's patent-related claims and Abbott's patent-related counterclaims have been stayed, including DexCom's obligation to answer or otherwise respond to those counterclaims. DexCom will respond with affirmative defenses to Abbott's patent-related counterclaims after those claims move forward on a schedule to be set by the Court.

### DEXCOM'S COUNTER-COUNTERCLAIM AGAINST ADC INC.

342.    DexCom incorporates the paragraphs above as if set forth fully herein.

343.    ADC Inc. improperly attempts to have it both ways. When it comes to DexCom's claims, ADC Inc. contends that disputes concerning the Patents-in-Suit must be heard only in Delaware and only after completing a dispute resolution process. As for ADC Inc.'s challenges to those same patents, however, ADC Inc. has attempted to institute Patent Office litigation—outside the District of Delaware—without first notifying DexCom of its intention to do so, or otherwise complying with the dispute resolution process.

344.    Likewise, despite contending that the Foreign Litigations should have been filed, if anywhere, in Delaware (D.I. 168 at ¶ 163), ADC Inc. has challenged the validity of allegedly licensed patents not in this Court, but before the European patent office.

345.     ADC Inc. cannot have it both ways. Either DexCom must be permitted to maintain its patent infringement claims against the ADC Parties in the venue of DexCom's choosing, or ADC Inc. must withdraw its IPR petitions and litigate issues concerning the Patents-in-Suit only in this Court, and only after complying with the dispute resolution process that ADC Inc. contends applies to the dispute concerning the Patents-in-Suit.

346.     This Court has subject matter jurisdiction over DexCom's Counter-Counterclaim under at least 28 U.S. § 1367.

347.     This Court has personal jurisdiction over ADC Inc. at least because it is a Delaware corporation.

348.     Venue is proper under at least 28 U.S.C. § 1391(b)(1) because ADC Inc. is a Delaware corporation.

349.     ADC Inc. has contended that the Patents-in-Suit are licensed under the SLA.

350.     ADC Inc. has contended that the SLA is a valid and binding agreement between DexCom and ADC Inc.

351.     ADC Inc. has contended that "any claims 'arising from or under or relating to' the SLA" must "be brought exclusively in Delaware." (D.I. 168, ¶ 189.)

352.     ADC Inc. has contended that "any claims 'arising from or under or relating to' the SLA" may be brought only after compliance "with the Dispute Resolution Clause" of the SLA. (D.I. 168, ¶ 189.)

353.     In April 2022, ADC Inc. filed eight *inter parties* review (IPR) petitions asking the Patent Office to find certain claims of the Patents-in-Suit invalid over alleged prior art. *See Abbott Diabetes Care Inc. v. DexCom Inc.*, IPR2022-00908 (filed April 21, 2022) (challenging claims of the '193 Patent); *Abbott Diabetes Care Inc. v. DexCom Inc.*, IPR2022-00909 (filed April 21, 2022)

(challenging claims of the '215 Patent); *Abbott Diabetes Care Inc. v. DexCom Inc.*, IPR2022-00913 (filed April 23, 2022) (challenging claims of the '213 Patent); *Abbott Diabetes Care Inc. v. DexCom Inc.*, IPR2022-00914 (filed April 23, 2022) (challenging claims of the '213 Patent); *Abbott Diabetes Care Inc. v. DexCom Inc.*, IPR2022-00917 (filed April 23, 2022) (challenging claims of the '452 Patent); *Abbott Diabetes Care Inc. v. DexCom Inc.*, IPR2022-00918 (filed April 23, 2022) (challenging claims of the '452 Patent); *Abbott Diabetes Care Inc. v. DexCom Inc.*, IPR2022-00921 (filed April 23, 2022) (challenging claims of the '642 Patent); *Abbott Diabetes Care Inc. v. DexCom Inc.*, IPR2022-00922 (filed April 23, 2022) (challenging claims of the '642 Patent) (collectively, "the IPR Petitions").

354.    ADC Inc. did not notify DexCom that it would file the IPR Petitions before ADC Inc. filed the IPR Petitions.

355.    ADC Inc. did not otherwise comply with the Dispute Resolution Clause of the SLA as ADC Inc. interprets that clause prior to filing the IPR Petitions in the Patent Office.

## FIRST COUNTER-COUNTERCLAIM
## (BREACH OF CONTRACT)

356.    DexCom restates and incorporates by reference all of the allegations made in the preceding paragraphs as though fully set forth herein.

357.    DexCom has always complied with its obligations under the SLA. There are no circumstances excusing or justifying ADC Inc.'s failure to comply with the SLA.

358.    Under ADC Inc.'s interpretation of the SLA, ADC Inc. has materially breached the SLA in at least three separate and independent ways: (1) by filing IPR petitions in the Patent Office, requesting the Patent Office to resolve the dispute over patents that ADC Inc. contends are covered by the SLA; (2) by maintaining those IPR proceedings outside of the agreed-upon forum

"exclusively" permitted by the SLA; and (3) by failing to engage in the SLA's required dispute resolution process before filing its IPR petitions against DexCom.

359.     Under ADC Inc.'s interpretation of the SLA, DexCom has suffered and will continue to suffer damages as a direct and proximate result of ADC Inc.'s material breaches of the SLA. ADC Inc. has caused DexCom to defend and litigate against validity challenges in the Patent Office that ADC Inc. never should have brought in a venue other than this Court. As a direct and proximate result of ADC Inc.'s breaches, DexCom has been harmed at least through the burden and cost of such defense and litigation.

360.     Under ADC Inc.'s interpretation of the SLA, DexCom is entitled to damages in an amount to be determined at trial, including but not limited to damages for the amounts of costs and attorney fees incurred in defending the IPR proceedings.

361.     Under ADC Inc.'s interpretation of the SLA, DexCom is also entitled to specific performance under the contract, which according to ADC Inc.'s interpretation of the SLA, "requires any claims 'arising from or under or relating to' the SLA . . . to be brought exclusively in Delaware, and only after [ADC Inc.] has complied with the Dispute Resolution Clause." (D.I. 168, ¶ 189.) Thus, the Court should order ADC Inc. to cease prosecution of and withdraw its IPR petitions.

## **PRAYER FOR RELIEF**

WHEREFORE, DexCom requests the following relief:

A.     That the Court enter judgment against the ADC Parties and in favor of DexCom on the claims set forth in DexCom's First Amended Complaint and its Counter-Counterclaim;

B.     That the Court enter judgment against the ADC Parties and in favor of DexCom on the claims set forth in the ADC Parties' Counterclaims;

C.      That the Court enter judgment that the ADC Parties have infringed, and continue to infringe, one or more claims of the '213 Patent, the '452 Patent, the '215 Patent, the '193 Patent, and/or the '642 Patent;

D.      That the Court temporarily, preliminarily, or permanently enjoin the ADC Parties, their parents, subsidiaries, affiliates, divisions, officers, agents, servants, employees, directors, partners, representatives, all individuals and entities in active concert and/or participation with them, and all individuals and/or entities within their control from engaging in the aforesaid unlawful acts of patent infringement;

E.      That the Court order the ADC Parties to account for and pay damages, including enhanced damages, caused to DexCom by the ADC Parties' unlawful acts of patent infringement in an amount to be proven at trial, together with pre-judgment and post-judgment interest at the maximum rate permitted by law;

F.      That the Court award Dexcom the interest and cost incurred in this action;

G.      That the Court enter judgment that DexCom has not materially breached the SLA, including the Warranty Provision, License Grant, Forum Selection Clause, and Dispute Resolution Clause of the SLA and/or that DexCom has not breached an implied covenant of good faith and fair dealing;

H.      That the Court enter judgment that ADC Inc. has materially breached the SLA, including but not limited to the Forum Selection Clause and Dispute Resolution Clause of the SLA;

I.      That the Court enter judgment against ADC Inc. for money damages sustained as a result of ADC Inc.'s material breaches of the SLA in an amount to be determined at trial, including but not limited to the amounts of costs and attorney fees incurred in defending the IPR proceedings;

48

J.      That the Court enter an order for specific performance by ADC Inc. requiring that ADC Inc.'s invalidity challenges to the Patents-in-Suit in the Patent Office, be raised only in Delaware, and only after the ADC Inc. has complied with the Dispute Resolution Clause;

K.      That the Court determine that pursuant to 35 U.S.C. § 285, the ADC Parties' conduct in this action renders this an exceptional case and award DexCom their reasonable attorney fees and their costs and disbursements in this action; and

L.      That the Court award DexCom such other and further relief, including equitable relief, as the Court deems just and proper.

<table>
<tr><td></td><td>

*/s/ Nathan R. Hoeschen*

John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for DexCom, Inc.*
</td></tr>
</table>

OF COUNSEL:
David Bilsker
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(213) 443-3000

Kevin P.B. Johnson
Todd M. Briggs
Margaret Shyr
Dallas Bullard
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
(650) 801-5000

Brian P. Biddinger
Alexander Rudis
Cary E. Adickman
Alex Zuckerman
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

Nathan Hamstra
Jonathon Studer
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400

Valerie Lozano
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Isabel Peraza
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
1300 I St. NW #900,
Washington, DC 20005
(202) 538-8000

Theodore Kwong
HILGERS GRABEN PLLC
10000 N. Central Expy., Suite 400
Dallas, TX 75231
(972) 645-3097

Dated: September 23, 2022

## CERTIFICATE OF SERVICE

I, Nathan R. Hoeschen, hereby certify that on September 23, 2022, this document

was served on adc-mnat@list.mnat.com, MHM-ADC@mcandrews-ip.com,

abbottdexcomdellitigation@kirkland.com and on the persons listed below in the manner

indicated:

**BY EMAIL**

Jack B. Blumenfeld
Rodger D. Smith II
Anthony D. Raucci
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
rsmith@morrisnichols.com
araucci@morrisnichols.com

Amanda J. Hollis
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000
amanda.hollis@kirkland.com

Benjamin A. Lasky
Jon R. Carter
Ashley Ross
Christopher T. Jagoe
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
benjamin.lasky@kirkland.com
carterj@kirkland.com
ashley.ross@kirkland.com
christopher.jagoe@kirkland.com

Edward A. Mas II
Leland G. Hansen
Alexander M. Vogler
MCANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, 34th Floor
Chicago, IL 60661
(312) 887-8000
emas@mcandrews-ip.com
lhansen@mcandrews-ip.com
avogler@mcandrews-ip.com

Ellisen Shelton Turner
Joshua P. Glucoft
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
(310) 552-4200
ellisen.turner@kirkland.com
josh.glucoft@kirkland.com

Kristina R. Cary
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500
kristina.cary@kirkland.com

*/s/ Nathan R. Hoeschen*
John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for DexCom, Inc.*

52